FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA

2025 APR 17 AM 10: 17

OFFICE OF THE CLERK

CARL A. WESCOTT
8210 E. Via de la Escuela
Scottsdale, AZ 85258
*in propria persona*
+1 276 773 7377

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEBRASKA

| | |
|---|---|
| CARL A. WESCOTT,<br><br>                    Plaintiff,<br><br>vs.<br><br>CHADRON STATE COLLEGE;<br>TRACY SOMMERVILLE;<br>MELANY HUGHES;<br>JASMINE PARSONS;<br><br>                    Defendants.<br><br>+ DOES 1 through 100 | Civil Action No. 8:25CV285<br><br>**PLAINTIFF'S VERIFIED LEGAL COMPLAINT FOR BREACH OF CONTRACT; NEGLIGENCE** |

Plaintiff Carl A. Wescott, proceeding *pro se,* complains of Defendants Ms. Jasmine Parsons, Ms. Melany Hughes, Ms. Tracy Sommerville, and Chadron State College.

**The Parties: Plaintiff and Defendants**

1.  Carl Wescott is an individual presently residing in Scottsdale, Arizona.

2.  Defendants Ms. Jasmine Parsons, Ms. Melany Hughes, Ms. Tracy Sommerville work in the

    business office of Chadron State College and are employees of Chadron State College.

3.  Chadron State College ("Chadron") is a public college in Chadron, Nebraska, United States. Chadron State College is one of three public colleges in the Nebraska State College System. It practices open admissions. The school opened in June 1911.

4.  Collectively, the Plaintiff and the Defendants are "the Parties."

**Allegations regarding conspiracy between defendants**

5.  Plaintiff is informed and believes and thereon alleges that at all times material to this Complaint, Ms. Jasmine Parsons, Ms. Melany Hughes, Ms. Tracy Sommerville, as individuals, in addition to acting for herself and on her own behalf individually, as well as for the benefit of her marital community (if any), is and was acting as the agent, servant, employee, and/or representative of, and with the knowledge, consent, and permission of, and in conspiracy with, each and all of the other Defendants (individual and entities) and within the course, scope, and authority of that agency, service, employment, representation, and conspiracy.

6.  Plaintiff further alleges on information and belief that the acts of each of the Defendants were fully ratified by each and all of the other Defendants.

7.  Specifically, and without limitation, Plaintiff alleges on information and belief that the tortious actions, failures to act, breaches, and negligence alleged herein and attributed to one or more of the specific Defendants were approved, ratified, and/or done with the cooperation and knowledge of each and in conspiracy with all other Defendants (individual and corporate)

8.  In addition, upon information and belief, there are nefarious corporate, trust, government and other entity type Defendants involved in these conspiracies, besides Chadron State College, currently unknown to Plaintiff.   They shall emerge with the benefit of legal discovery.

**PLAINTIFF'S VERIFIED LEGAL COMPLAINT
FOR BREACH OF CONTRACT; NEGLIGENCE**

9.  Plaintiff is informed and believes and thereon alleges that at all times material to this Complaint, any and all such corporate entities, in addition to acting for itself and for its own behalf, was acting as the agent, servant, and/or representative of, and with the knowledge, consent, and permission of, and in conspiracy with, each and all of the Defendants (entity and individual) and within the course, scope, and authority of that agency, service, employment, representation, and conspiracy.

10. Plaintiff further alleges on information and belief that the acts of each of the Defendants were fully ratified by each and all of the Defendants.  Specifically, and without limitation, Plaintiff alleges on information and belief that the tortious actions, failures to act, breaches, and negligence alleged herein and attributed to one or more of the specific Defendants were approved, ratified, and/or done with the cooperation and knowledge of each and in conspiracy with all other Defendants (individual and corporate).

**Jurisdiction and Venue**

11. The three individual defendants work as employees at Chadron State College, in Dawes County, Nebraska.

12. Their legal home domiciles are likely in Dawes County, Nebraska.

13. Chadron State College is also in Dawes Country, Nebraska.

14. Thus, this Court is the appropriate venue for adjudication of the parties' issues.

15. This is an action for damages pursuant to 28 U.S.C. § 1332 based on diversity of citizenship and a claim for damages greater than US $75,000.  Alleged damages are explained in further detail below as they are critical to this Court establishing subject-matter jurisdiction.

**PLAINTIFF'S VERIFIED LEGAL COMPLAINT**
**FOR BREACH OF CONTRACT; NEGLIGENCE**

16. Supplemental jurisdiction over the Plaintiff's Nebraska state law claims is pursuant to 28 U.S.C. § 1367 and the facts that the individual defendant lives and works in this district, the entity defendant is domiciled herein, and the tortious acts, non-acts, and negligence complained of herein occurred in this district, too.

**Subject-Matter Jurisdiction – Background and Legal Standards**

17. With damages of $75,000 and the diversity of citizenship of Plaintiff and Defendants, the Plaintiff qualifies for United States District Court under 28 U.S. Code § 1332(a)(1):

DIVERSITY OF CITIZENSHIP; AMOUNT IN CONTROVERSY; COSTS

**(a)**The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—
  **(1)** citizens of different States;    (*28 U.S. Code § 1332 (a)(1)*)

18. The Plaintiff resides in Arizona and the Defendants are citizens of Nebraska.

19. Thus, the parties have complete diversity of citizenship.

20. The Plaintiff will add the facts, logic, and reasoning supporting the Plaintiff's thinking that his recoverable damages will be greater than US $75,000.

21. To qualify for federal court under complete diversity of citizenship, the amount in controversy must exceed the sum or value of $75,000, exclusive of interest and costs (*28 U.S.C. § 1332(a) (2014)*).

22. The determination of the amount in controversy for federal subject matter jurisdiction is an issue decided under federal law. 14AA FEDERAL PRACTICE AND PROCEDURE § 3702 (4th ed.

**PLAINTIFF'S VERIFIED LEGAL COMPLAINT
FOR BREACH OF CONTRACT; NEGLIGENCE**

2014) [hereinafter "FEDERAL PRACTICE"]. See *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 352 (1961).

23. Federal courts will, however, look to applicable state law to determine the nature of the plaintiff's substantive claim and related damages. FEDERAL PRACTICE § 3702. See *Horton*, 367 U.S. at 352-353.

24. Numerous courts, including the United States Supreme Court have held that the amount in controversy for jurisdictional purposes is measured by the direct pecuniary value of the right that the plaintiff seeks to enforce or the value of the object that is the subject matter of the suit. FEDERAL PRACTICE § 3702.5. See *Hunt v. Washington State Apple Advertising Com'n*, 432 U.S. 333, 97 S.Ct. 2434, 53 L. Ed. 1067 (1947).

25. The direct pecuniary value of the right is simply an estimate of the total amount in dispute rather than an assessment of liability. *Lewis v. Verizon Communications, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010).

26. The amount in controversy is determined without considering accrued or accruing interest or the costs associated with the lawsuit. (*28 U.S.C. § 1332(b)*)

27. Courts have held that collateral effects will not be taken into account when calculating the amount in controversy. FEDERAL PRACTICE § 3702.5. See *Healy v. Ratta*, 292 U.S. 263, 267 (1934) ("the collateral effects of the decree, by virtue of stare decisis, upon other and distinct controversies, may not be considered in ascertaining whether the jurisdictional amount is involved, even though their decision turns on the same question of law."). See also *New England Mortg. Sec. Co. v. Gay*, 145 U.S. 123, 130 (1892) ("It is well settled in this court that, when our jurisdiction depends upon the amount in controversy, it is determined by the amount involved in

the particular case, and not by any contingent loss either one of the parties may sustain by the probative effect of the judgment, however certain it may be that such loss will occur.").

28. The amount in controversy may include compensatory damages including general and special damages such as pain and suffering and out of pocket loss. The amount in controversy may also include punitive damages. *Anthony v. Security Pac. Fin. Servs., Inc.*, 75 F.3d 311, 315 (7th Cir. 1996); *Watson v. Blankinship*, 20 F.3d 383, 386-387 (10th Cir. 1994).

29. When there is direct legal authority, by statute or contract, for the recovery of attorneys' fees, then the fee claim may be included in determining the amount in controversy regardless of whether the award of fees is mandatory or discretionary. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 155-1156 (9th Cir. 1998).

**Subject-Matter Jurisdiction with the Facts of this Particular Case**

30. The Plaintiff plans to get an attorney for this case in the future when the Plaintiff can afford one.

31. Not including anything that might be awarded for his emotional pain and suffering (emotional distress), physical pain and suffering and resulting medical conditions including the new diagnosis of hypertension three days ago) the Plaintiff's base damages are between roughly US $100,000 to roughly US $150,000.

32. The largest component of that is lost wages that should be valued at or above $92,307.69.

33. That does not include the Plaintiff's wasted time of more than sixty (60) hours, that the Plaintiff believes could be valued at $18,000.

34. Thus, the damages exceed the threshold ($75,000) for federal subject-matter jurisdiction.

**PLAINTIFF'S VERIFIED LEGAL COMPLAINT
FOR BREACH OF CONTRACT; NEGLIGENCE**

35. With the Defendants' reckless negligence, knowingly causing such harm to him, the Plaintiff believes that he could be awarded punitive or exemplary damages that would be a multiple of base damages.

36. Thus, if base damages are determined to be lower than the Plaintiff anticipates, the Plaintiff believes that punitive/exemplary damages, or those for pain and suffering and the health impact from the stress of this financial catastrophe and his medical bills will result in a final award/judgment well over the US $75,000 threshold.

## Underlying Facts & Background Context Prior to Chadron State College's business managers converting the Plaintiff's funds

37. The Plaintiff used to work in Silicon Valley where he was a highly compensated individual. For example, his 1999 W2 was for US $600,000.00. (Which works out to $300 per hour for his time working, that year).

38. As a computer consultant, he billed some clients US $10,000 per day plus expenses. ($1250 per hour).

39. More recently, his most recent consulting contract was for US $1000/hour.

40. So the Plaintiff's time is valuable.

41. The Plaintiff has faced rampant age discrimination in the computer/technology industry.

42. The Plaintiff decided to further his education so that he is even better equipped in the workplace.

43. The Plaintiff used to be wealthy but poor investments decisions wiped him out and led him to bankruptcy and a divorce.

44. So the Plaintiff's time is valuable, but he has no money or assets.

**PLAINTIFF'S VERIFIED LEGAL COMPLAINT
FOR BREACH OF CONTRACT; NEGLIGENCE**

45. The Plaintiff just applied for and was awarded EBT/SNAP/food stamps.

**Enrollment at Chadron**

46. Earlier this year, the Plaintiff enrolled and registered for online classes at Chadron State College.

47. For this term, the Plaintiff had tuition costs of over $2400, and had financial aid, that he accepted, of $5750.  Chadron also charged some fees.

48. The Plaintiff was owed $3290 as of the start of the term, that was for room and board.  Having his room and board covered would help the Plaintiff focus on what he needed to focus on.

**Failure to pay as promised**

49. Chadron State College representatives, including those in financial aid and two of the defendants in the business office, assured the Plaintiff that he would get a refund for the difference of $3290 via ACH straight to his bank account back in March.

50. However, Chadron State College representatives sent an email that for some reason their system had failed and the ACH to the Plaintiff's bank account did not work.

51. The Plaintiff followed up unsuccessfully with Chadron State College employees unsuccessfully during March.

52. Chadron State College representatives initially informed the Plaintiff that it would take ten (10) days after that for them to get a paper check, and then it might take them another thirty (30) days after that to send him a refund by paper check.

53. The Plaintiff then informed Chadron State College in conversations and also in emails in March 2025 that:

8
**PLAINTIFF'S VERIFIED LEGAL COMPLAINT
FOR BREACH OF CONTRACT; NEGLIGENCE**

- The Plaintiff is and was dependent on his room and board reimbursement.
- The Plaintiff cannot wait, as not getting his money would cause the Plaintiff to lose $10,000+ in short term costs and over US $92,000 of future lost income.
- The Plaintiff needed his room and board money quickly, as he was dependent on that money
- The Plaintiff needs to pay rent
- Without the money, the Plaintiff would not have a place to live and cannot get another place to live
- That not getting the Plaintiff the money would force him to drop out of school as he would need to work
- Dropping out would delay his income after he had completed his new education, resulting in that future loss of income.

54. On or around March 28th, 2025 the Plaintiff spoke to one of the individual defendants about the possibility of just sending his funds back via ACH or wire.

55. The Chadron State College representative offered that they would be able to send another ACH to the Plaintiff, so he could get his money quickly.  The Plaintiff accepted the offer.

56. Later on March 28th, 2025 the Plaintiff entered new banking information for another bank account in the Chadron College online system.

57. On Monday, March 31st, 2025 at 11:18 am Tracy Sommerville emailed the Plaintiff, cc-ing the two other individual defendants, that

> We are currently trying to decide the best route to get your refund sooner. We are in discussion with our higher supervisor about reissuing your refund using the new bank account information you entered on March 28, 2025, at 9:25 p.m.

9
**PLAINTIFF'S VERIFIED LEGAL COMPLAINT
FOR BREACH OF CONTRACT; NEGLIGENCE**

58. In not receiving his money, the Plaintiff would not only lose the $3290, but the entire sum of tuition ($5750), as he would be forced to drop out of school and work for his room and board (rent, and food, and his other basic needs).

59. Earlier this year, the Plaintiff was living in an apartment that he paid US $1134.40 per month for rent. The Plaintiff had put up a deposit of around $1600.

60. The Plaintiff will lose future wages/income of over US $92,000.

**No payment made, refusal to communicate with the Plaintiff**

61. Despite the promises made by Ms. Sommerville, the other Defendants, and other Chadron State College representatives, no payment has been made.

62. The Defendants have converted the Plaintiff's funds.

63. The Plaintiff contacted Chadron staff many times in March, more than twenty (20) times.

64. In March, the Plaintiff generally did not get responses to emails (with a few exceptions), nor did he get the promised followup on his financial issues.

65. (Back in March, the Plaintiff at least was able to get Chadron State College employees on the phone when calling during business hours)

66. Since Ms. Sommerville's email of March 31st, 2025 (one of the replies the Plaintiff did receive) in April, the Plaintiff has followed up with at least thirty more communications, including a dozen+ phone calls, many more recent voicemails (he has left at least ten for Chadron State College representatives, with not a single call returned), and nine more recent emails.

67. As one example of many dozens of communications about his financial aid/financial reimbursement, the Plaintiff emailed the three individual defendants on Monday, April 7th, 2025 at 10:33 am (Exhibit A):

Hello Tracy.

Thanks again for your past response and your time.

Tracy> "With the check being processed on March 26, 2025, your check should arrive in our office on April 2, 2025, or April 3, 2025, depending on the mail, which is outside of our control. "

First, just confirming that you received the paper check 5 days ago.

I'm hoping you're doing, or you've done, what you said you would do in your email below:

We are in discussion with our higher supervisor about reissuing your refund using the new bank account information you entered on March 28, 2025, at 9:25 p.m.

Are we still doing the direct deposit to the new banking information? That would be my strong preference if possible.

(My mail is stolen regularly, including past checks to me... I've filed police reports but it's still happening.  So I wish to avoid the paper check no matter what, so I can actually receive the money. And that would be a quick/efficient way)

Thank you for your time and assistance.

68. The defendants ignored all the Plaintiff's phone calls, voicemails, and all of his dozen+ April emails so far, including the above email, never even bothering to reply.

69. Two days later, the Plaintiff emailed all three individual defendants again (Exhibit B):

No reply, so I'm just following up again two days later.

I'm dependent on financial aid not only for tuition but also the refund for room and board.

So, two parts:

_____

Tracy> "With the check being processed on March 26, 2025, your check should arrive in our office on April 2, 2025, or April 3, 2025, depending on the mail, which is outside of our control. "

First, just confirming that you received the paper check 7 days ago.

_____

Second, I'm still hoping you're doing, or you've done, what you said you would do in your email below:

Tracy> We are in discussion with our higher supervisor about reissuing your refund using the new bank account information you entered on March 28, 2025, at 9:25 p.m.

Are we still doing the direct deposit to the new banking information?  That would be my strong preference if possible.

When do you expect to be able to do the direct deposit/ACH to the new banking information?

Thank you.

11
**PLAINTIFF'S VERIFIED LEGAL COMPLAINT
FOR BREACH OF CONTRACT; NEGLIGENCE**

70. The defendants have ignored all the Plaintiff's dozen+ phone calls and voicemails in April, and all his April emails so far, including the above emails, never even bothering to reply.

71. When calling the business office last week, the Plaintiff was informed that he could only talk to Ms. Melany Hughes about this issue, but when asking to speak to her, he is always routed to her voicemail.

72. Ms. Hughes never takes his calls nor does she return phone calls or respond to messages on her voicemail.

73. The other two individual defendants have not responded to an email, phone call, or voicemail (more than thirty of those made in April) since March 2025.

## Conversion of the Plaintiff's money – Defendants no longer respond to him

74. The individual defendants, all employees of Chadron State College, have breached the written contract and the oral contracts formed.

75. Chadron State College is liable for negligence under *respondeat superior* and vicarious liability.

76. Under the doctrine of *respondeat superior*, an employer is held vicariously liable for the negligent acts of an employee committed while the employee was acting within the scope of the employer's business. *Plock v. Crossroads Joint Venture*, 239 Neb. 211.

77. *Respondeat superior* applies to both negligent and intentional torts. The Plaintiff believes that the facts at jury trial will show that the intentional torts of breaching the contracts with the Plaintiff were also acts within the scope of the employment of the individual Defendants.

78. Those individual Defendants have converted (stolen) the Plaintiff's funds and they now refuse to even communicate with the Plaintiff, much less get him his money.

**PLAINTIFF'S VERIFIED LEGAL COMPLAINT**
**FOR BREACH OF CONTRACT; NEGLIGENCE**

79. The Plaintiff does not know why these Defendants have targeted him and stolen his money – it might be biases and discrimination on their part.

80. With discovery, the reasons for these Defendants to target the Plaintiff and discriminate against him will emerge.

## Current situation/status quo

81. The Plaintiff has lost the $5750 that Chadron State College received.

82. The Plaintiff could not pay his apartment rent.

83. The Plaintiff's check for his apartment bounced.

84. The Plaintiff had to leave his apartment.

85. The Plaintiff has dropped out of Chadron and is focusing on making money so he can afford a new place to live.

86. The Plaintiff has lost the $2400+ he paid for tuition at Chadron.

87. The Plaintiff has lost his apartment deposit of around $1600.

88. The Plaintiff breached his apartment lease.

89. Out of options, the Plaintiff flew to stay with a friend, then in a hotel, and then his mother, investing over $1000 and airline miles worth $1768 on airfare he would not have needed to spend otherwise.

90. After leaving his apartment, the Plaintiff paid over $600 in hotel bills he would not have needed to spend if he was still in his apartment.

91. The Plaintiff per the terms of his contract now owes an additional wasted US $2268.80 to his landlord as a penalty in their contract.

**PLAINTIFF'S VERIFIED LEGAL COMPLAINT
FOR BREACH OF CONTRACT; NEGLIGENCE**

92. The Plaintiff could be subject to litigation over the break in his apartment lease, especially since he cannot currently afford to pay the two-month penalty in his apartment lease contract.

93. The Plaintiff has invested dozens of hours in Chadron-related activities, entirely wasted.

94. At jury trial, we will determine the value of the Plaintiff's wasted time (over sixty (60) hours so far).

95. Based on his past earnings, his wasted time thus far could be valued at $18,000.

96. The Plaintiff has now lost a term of his life in his plan for his education and then to get back to work and make a lot more money.

97. The Plaintiff has now lost at least US $92,307 of future compensation, perhaps more. (The Plaintiff earned US $600,000 in a previous year's W2/salaried income, so using that to calculate this number results in US $150,000 of lost income given that there are four terms in a year. If calculating the impact given that terms are only 8 weeks long, the Plaintiff expects to lose US $92,307.69 in future compensation when he takes classes in a future term to replace the education he signed up for and paid for to Chadron, that he will now need to redo).

98. The Plaintiff's earning power now and in the future is higher than it has ever been – the Plaintiff expects it to go up further with further experience and education.

99. So his future lost earnings because of Defendants' tortious acts and non-acts and their acts of negligence could very well be much higher than the US $92,307.69.

**Impact of the stress on the Plaintiff's health**

100. The Plaintiff is extremely stressed out with this situation and his finances, with these defendants inflicting emotional distress upon him.

**PLAINTIFF'S VERIFIED LEGAL COMPLAINT**
**FOR BREACH OF CONTRACT; NEGLIGENCE**

101.    The Plaintiff is having difficulty sleeping.

102.    His blood pressure is now highly elevated – literally!

103.    The Plaintiff just went to his doctor three days ago and was diagnosed with hypertension, among other factors, to his surprise.

104.    The Plaintiff has had his blood pressure checked over 150 times in the last two years.

105.    His blood pressure has always been low in those blood pressure checks, all but this one time.

106.    The Plaintiff has never had hypertension, prior.

107.    Hypertension means that the force of blood pushing against the Plaintiff's artery walls is consistently too high.

108.    This will damage the Plaintiff's arteries over time over time and can lead to serious complications like stroke and heart attacks.

109.    Hypertension leads to Coronary Artery Disease (CAD), peripheral artery disease, kidney disease, kidney failure, eye damage, and vascular dementia.

110.    The impact on the Plaintiff's health, his current and future medical bills, and the impact on his well-being will only be determined with time.

111.    This will be another significant factor at jury trial, the impact on the Plaintiff's health, his medical bills, and the impact on his quality of life.

112.    This version of the pain and suffering caused by Defendants is physical pain and suffering, to complement the emotional distress that Defendants have inflicted (emotional pain and suffering).

**PLAINTIFF'S VERIFIED LEGAL COMPLAINT**
**FOR BREACH OF CONTRACT; NEGLIGENCE**

**Legal complaint requesting a jury trial**

113.  The Plaintiff has been damaged by the actions and non-actions of the Defendants, who have refused to speak with him or to communicate further for the entire month of April so far (not even in response to the Plaintiff's 30+ communications in that time).

114.  The Plaintiff, unfortunately, has been left with no choice but to file this legal complaint in hopes that justice can be served.

115.  The Plaintiff hereby respectfully requests a jury trial on all issues raised herein, including all triable facts and issues related to his current causes of action and any facts, issues, requests, and/or causes of action that the Plaintiff or his future attorney may add within the timelines allowed by this Court.

### Count I – Breach of Contract - written

116.  The Plaintiff realleges paragraphs 1-115 as if fully set out herein.

117.  The Plaintiff entered into a valid contract based on their email communications, including a written offer and assurance that Defendants would ACH money to the Plaintiff.

118.  The Plaintiff fully performed by doing everything the Defendants stated he must do to receive those monies in a timely fashion.

119.  Defendants breached by not sending money to the Plaintiff, missing many promised dates and breaking every promise of payment and follow-up made to the Plaintiff.

120.  The Plaintiff has been damaged as a result of the Defendant's breaches.

121.  All allegations and full precise damages to be fully proven at jury trial.

**PLAINTIFF'S VERIFIED LEGAL COMPLAINT
FOR BREACH OF CONTRACT; NEGLIGENCE**

1

2

**Count II – Breach of Contract – oral**

3

122.    The Plaintiff realleges paragraphs 1-115 as if fully set out herein.

4

123.    The Plaintiff entered into a valid oral contract on March 28th, 2025 with a Chadron State

5

6    College, with the offer to re-send the Plaintiff's money quickly by ACH, and the Plaintiff

7    accepting that offer.

8    124.    The Plaintiff has fully performed with everything he needed to do.

9    125.    Defendants breached by not sending money to the Plaintiff, missing many promised dates and

10    breaking every promise of payment and follow up made to the Plaintiff.

11    126.    The Plaintiff has been damaged as a result of the Defendant's breaches.

12    127.    All allegations and damages to be fully proven at jury trial.

13

14

15    **Count III – Negligence**

16

17    128.    The Plaintiff realleges paragraphs 1-115 as if fully set out herein.

18    129.    The Defendants had a duty to the Plaintiff, their paying customer and student.

19    130.    The Defendants breached their duties to the Plaintiff by not following up on promises, by

20    not sending the Plaintiff his money, and by not responding to his last thirty+ (30+)

21

22    communications, among other acts and non-acts.

23    131.    The Plaintiff has been damaged by the Defendants' negligence and the many breaches of

24    their duties.

25

26

**PLAINTIFF'S VERIFIED LEGAL COMPLAINT**
**FOR BREACH OF CONTRACT; NEGLIGENCE**

132.    The Defendants' negligence and breaches of their duties are the proximate cause of the Plaintiff's damages.

133.    All allegations and precise damages to be proven at jury trial.


WHEREFORE, PLAINTIFF PRAYS:


(a) As to Count I for all direct and consequential damages the Plaintiff incurred as a proximate result of the Defendants' breach of the Parties' written contract.

(b) As to Count II for all direct and consequential damages the Plaintiff incurred as a proximate result of the Defendants' breach of their oral contract;

(c) As to Count III for all direct and consequential damages caused by Defendants' negligence, along with the imposition of exemplary damages to deter the Defendants from committing similar acts and non-acts of negligence in the future;

(d) For reasonable compensation for the value of his time in representing himself while he cannot afford an attorney (*quantum meruit*);

(e) For reasonable future attorney's and paralegal fees and costs including administrative, filing, service, Court reporter, jury fees, travel costs and for all other reasonable costs of this action and;

(f) For such other and further relief as this Court deems just and proper.

RESPECTFULLY SUBMITTED

Carl A. Wescott, *pro se*
April 13th, 2025

18
**PLAINTIFF'S VERIFIED LEGAL COMPLAINT**
**FOR BREACH OF CONTRACT; NEGLIGENCE**

1

## **VERIFICATION**

2

3

4

I, Carl A. Wescott, under penalties provided by Nebraska law and under the federal laws of the United States of America, certify that the facts set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

19

**PLAINTIFF'S VERIFIED LEGAL COMPLAINT**
**FOR BREACH OF CONTRACT; NEGLIGENCE**



**Gmail**    EXHIBT A    Carl Wescott <carlwescott2025@gmail.com>

## following up on missing electronic deposit/ACH for me, Carl Wescott

**Carl Wescott** <carlwescott2025@gmail.com>                                                Mon, Apr 7, 2025 at 10:33 AM
To: Tracy Sommerville <tsommerville@csc.edu>
Cc: "Wescott, Carl" <carl.wescott@eagles.csc.edu>, Jasmine Parsons <jparsons@csc.edu>, Melany Hughes
<mhughes@csc.edu>

Hello Tracy.

Thanks again for your past response and your time.

Tracy> "With the check being processed on March 26, 2025, your check should arrive in our office on April 2, 2025, or April 3, 2025, depending on the mail, which is outside of our control. "

First, just confirming that you received the paper check 5 days ago.

I'm hoping you're doing, or you've done, what you said you would do in your email below:

We are in discussion with our higher supervisor about reissuing your refund using the new bank account information you entered on March 28, 2025, at 9:25 p.m.

Are we still doing the direct deposit to the new banking information?  That would be my strong preference if possible.

(My mail is stolen regularly, including past checks to me... I've filed police reports but it's still happening.  So I wish to avoid the paper check no matter what, so I can actually receive the money.  And that would be a quick/efficient way)

Thank you for your time and assistance.

--Carl   +971 50 438 8400 (WhatsApp)
          +1 276 773 7377 (voice/text)


On Mon, Mar 31, 2025 at 11:18 AM Tracy Sommerville <tsommerville@csc.edu> wrote:
[Quoted text hidden]

 Gmail 

Carl Wescott <carlwescott2025@gmail.com>

## following up on missing electronic deposit/ACH for me, Carl Wescott

Carl Wescott <carlwescott2025@gmail.com>                                    Wed, Apr 9, 2025 at 7:45 AM
To: Tracy Sommerville <tsommerville@csc.edu>
Cc: "Wescott, Carl" <carl.wescott@eagles.csc.edu>, Jasmine Parsons <jparsons@csc.edu>, Melany Hughes
<mhughes@csc.edu>

No reply, so I'm just following up again two days later.

I'm dependent on financial aid not only for tuition but also the refund for room and board.

So, two parts:

_____

Tracy> "With the check being processed on March 26, 2025, your check should arrive in our office on April 2, 2025, or April 3, 2025, depending on the mail, which is outside of our control. "

First, just confirming that you received the paper check 7 days ago.

_____

Second, I'm still hoping you're doing, or you've done, what you said you would do in your email below:

Tracy> We are in discussion with our higher supervisor about reissuing your refund using the new bank account information you entered on March 28, 2025, at 9:25 p.m.

Are we still doing the direct deposit to the new banking information? That would be my strong preference if possible.

When do you expect to be able to do the direct deposit/ACH to the new banking information?

Thank you.

--Carl  +971 50 438 8400 (WhatsApp)
        +1 276 773 7377 (voice/text)

[Quoted text hidden]

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Carl A. Wescott | Chadron State College, et al. |

**(b)** County of Residence of First Listed Plaintiff   <u>Maricopa County</u>
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   <u>Dawes County</u>
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

N/A (attorneys).Plaintiff's address and telephone number:
8210 E. via de la Escuela, Scottsdale, AZ 85258

Attorneys *(If Known)*

N/A (unknown)

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [x] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*   and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [x] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [x] 4 |
| Citizen of Another State | [x] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY**    **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane   [ ] 365 Personal Injury - | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product   Product Liability | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | Liability   [ ] 367 Health Care/ | | **INTELLECTUAL PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 320 Assault, Libel &   Pharmaceutical Slander   Personal Injury | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 330 Federal Employers'   Product Liability | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans | Liability   [ ] 368 Asbestos Personal [ ] 340 Marine   Injury Product | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 460 Deportation [ ] 470 Racketeer Influenced and |
| (Excludes Veterans) | [ ] 345 Marine Product   Liability | | [ ] 840 Trademark | Corrupt Organizations |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | Liability   **PERSONAL PROPERTY** [ ] 350 Motor Vehicle   [ ] 370 Other Fraud | **LABOR** | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle   [ ] 371 Truth in Lending | [ ] 710 Fair Labor Standards Act | | [ ] 485 Telephone Consumer |
| [x] 190 Other Contract | Product Liability   [ ] 380 Other Personal | [ ] 720 Labor/Management | **SOCIAL SECURITY** | Protection Act |
| [ ] 195 Contract Product Liability | [ ] 360 Other Personal   Property Damage | Relations | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | Injury   [ ] 385 Property Damage | [ ] 740 Railway Labor Act | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ |
| | [ ] 362 Personal Injury -   Product Liability | [ ] 751 Family and Medical | [ ] 863 DIWC/DIWW (405(g)) | Exchange |
| | Medical Malpractice | Leave Act | [ ] 864 SSID Title XVI | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS**   **PRISONER PETITIONS** | [ ] 790 Other Labor Litigation | [ ] 865 RSI (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights   **Habeas Corpus:** | [ ] 791 Employee Retirement | | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting   [ ] 463 Alien Detainee | Income Security Act | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment   [ ] 510 Motions to Vacate | | [ ] 870 Taxes (U.S. Plaintiff | Act |
| [ ] 240 Torts to Land | [ ] 443 Housing/   Sentence | | or Defendant) | [ ] 896 Arbitration |
| [ ] 245 Tort Product Liability | Accommodations   [ ] 530 General | | [ ] 871 IRS—Third Party | [ ] 899 Administrative Procedure |
| [ ] 290 All Other Real Property | [ ] 445 Amer. w/Disabilities -   [ ] 535 Death Penalty | **IMMIGRATION** | 26 USC 7609 | Act/Review or Appeal of |
| | Employment   **Other:** | [ ] 462 Naturalization Application | | Agency Decision |
| | [ ] 446 Amer. w/Disabilities -   [ ] 540 Mandamus & Other | [ ] 465 Other Immigration | | [ ] 950 Constitutionality of |
| | Other   [ ] 550 Civil Rights | Actions | | State Statutes |
| | [ ] 448 Education   [ ] 555 Prison Condition | | | |
| |   [ ] 560 Civil Detainee - | | | |
| |   Conditions of | | | |
| |   Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 USC 1332

Brief description of cause:
Chadron State College and its representative were recklessly negligent, causing significant damages in multiple categories to Plaintiff

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ see complaint

CHECK YES only if demanded in complaint:
JURY DEMAND: [x] Yes   [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE   April 13, 2025    SIGNATURE OF ATTORNEY OF RECORD   Pro se plaintiff

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

April 13th, 2025

Clerk of the Court
United States District Court
District of Nebraska
Omaha Courthouse
Roman L. Hruska Federal Courthouse
111 South 18th Plaza
Suite 1152
Omaha, NE 68102
(402) 661-7350
(866) 220-4381

Re: *Wescott versus Chadron State College, et al.*

Dear Clerk:

I'd like to get your help in filing/docketing a new legal complaint,
*Wescott versus Chadron State College, et al.*

I have enclosed:

- Civil cover sheet
- Two legal complaints
- Application to proceed *in forma pauperis*

I've also enclosed a SASE (Self-Addressed Stamped Envelope) for Priority Mail back to me, that you can use for the return of the endorsed complaint (*Wescott versus Chadron State College, et al.*)

I'm hoping you can file/docket and then send me back whatever paperwork you'd like me to have, hopefully including at least one stamped legal complaint.

If I left anything out or made any mistakes would you kindly call me (or email), so I can send in whatever's missing?

Thanks so much.  Sincerely

Carl A. Wescott  (carlwescott2025@gmail.com)
+1 276 773 7377
8210 E. via de la Escuela
Scottsdale, AZ 85258

RECEIVED
APR 17 2025
CLERK
U.S. DISTRICT COURT

1

**PRESS FIRMLY TO SEAL**




**PRESS FIRMLY TO SEAL**






**PRIORITY® MAIL**

- Expected delivery date specified for domestic use.
- Domestic shipments include $100 of insurance (restrictions apply).*
- USPS Tracking™ ~~included~~ for domestic and many international destinations.
- Limited international insurance.**
- When used internationally, a customs declaration form is required.

*Insurance does not cover certain items. For details regarding claims exclusions see the Domestic Mail Manual at http://pe.usps.com.

** See International Mail Manual at http://pe.usps.com for availability and limitations of coverage.

**FROM:**

CARL A. WESTOTT
820 E. Via de la
escuela
Scottsdale AZ 85258

**TO:**

Clerk of Court
US Courthouse
111 South 18th plaza
Suite 1152
OMAHA, NE 68102

**FLAT RATE ENVELOPE**
ONE RATE ■ ANY WEIGHT



**USPS TRACKING #**



9114 9023 0722 4032 1832 92

PS00001000014

EP14F October 2023
OD: 12 1/2 x 9 1/2

To schedule free Package Pickup, scan the QR code.



**USPS.COM/PICKUP**



APR 17
U.S. DISTRICT COURT