IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CARL A. WESCOTT,<br><br>Plaintiff,<br><br>vs.<br><br>CHADRON STATE COLLEGE, TRACY SOMMERVILLE, MELANY HUGHES, JASMINE PARSONS, DR. RON PATTERSON, and MS. KARI GASWICK,<br><br>Defendants. | 8:25CV285<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on Plaintiff's pro se Complaint, Filing No. 1, and his Amended Complaint, Filing No. 6. Plaintiff, a non-prisoner proceeding pro se, has been given leave to proceed in forma pauperis. Filing No. 5. The Court is required to conduct an initial review of in forma pauperis complaints pursuant to 28 U.S.C. § 1915(e)(2).

**I. SUMMARY OF COMPLAINT**

Plaintiff Carl S. Wescott brings this action against Defendants for allegations that Defendants failed to refund his money for tuition and room and board in the amount near $6,000.00. Filing No. 6 at 10. Defendants Ms. Jasmine Parsons, Ms. Melany Hughes, Ms. Tracy Sommerville work in the business office of Chadron State College and are employees of Chadron State College. Chadron State College ("Chadron") is a public college in Chadron, Nebraska, United States. Chadron State College is one of three public colleges in the Nebraska State College System. It practices open admissions. The school opened in June 1911. Dr. Ron Patterson is the President of Chadron State College, who, in violation of federal law according to Plaintiff, refused to authorize that Plaintiff's credit balance be sent to him. Ms. Kari Gaswick is a Vice President of Chadron

1

State College, who, also in violation of federal law, refused to authorize the Plaintiff's credit balance be sent to him. Westcott also alleges breach of contract and negligence against the defendants. Filing No. 6 at 20, 21. Plaintiff further alleges violation of 34 C.F.R. § 668.164(h), and he seeks damages in excess of $75,000. These damages include rental fees, consequential and exemplary damages, attorney fees and administrative fees.

> As set forth in 34 C.F.R. § 668.164(h):
>
> (h) Title IV. HEA credit balances.
> (1) A title IV, HEA credit balance occurs whenever the amount of title IV, HEA program funds credited to a student's ledger account for a payment period exceeds the amount assessed the student for allowable charges associated with that payment period as provided under paragraph (c) of this section.
> (2) A title IV, REA credit balance must be paid directly to the student or parent as soon as possible, but no later than-
> (i) Fourteen (14) days after the balance occurred if the credit balance occurred after the first day of class of a payment period; or
> (ii) Fourteen (14) days after the first day of class of a payment period if the credit balance occurred on or before the first day of class of that payment period.

34 C.F.R. § 668.164 section (h).

However, Plaintiff alleges that Defendants held on to part of his funds ("the credit balance") for over 45 days, damaging Plaintiff.

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. See 28 U.S.C. § 1915(e). The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 569–70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

### III. DISCUSSION

Even construed liberally, Plaintiff's only possible claim attempts to challenge the failure to refund the money in his account and the alleged losses relating to the same. However, as stated by a number of courts and summarized in the *Westcott v. Eastern University* case:

> Regardless of whether Eastern University violated the HEA or its regulations by failing to timely disburse financial funds to Wescott, his HEA claim must nevertheless be dismissed. Courts uniformly hold that the HEA, and specifically Title IV of the HEA, does not provide individuals like Wescott a private right of action for violations of its provisions or regulations. *See Cliff v. Payco Gen. Am. Credits, Inc.*, 363 F.3d 1113, 1123 (11th Cir. 2004) (stating that "the HEA expressly empowers only the Secretary of Education—not debtors—with the authority to enforce the HEA and rectify HEA violations" and thus "[i]t is well-settled that the HEA does not expressly provide debtors with a private right of action"); *Labickas v. Arkansas State Univ.*, 78 F.3d 333, 334 (8th Cir. 1996) (per curiam) (concluding that student borrowers have no private right of action under the HEA); *Alston v.*

3

*Pennsylvania State Univ.*, No. 1:14-CV-2480, 2015 WL 9660019, at *4 (M.D. Pa. June 9, 2015) ("Although the HEA provides certain administrative remedies against the DOE in some limited circumstances ... it has long been recognized that individuals do not have a private right of action under the HEA against a university or the DOE."), report and recommendation adopted, *Alston v. Pennsylvania State Univ.*, No. 14-CV-02480, 2016 WL 74795 (M.D. Pa. Jan. 7, 2016); *Thomas v. Nova Se. Univ., Inc.*, No. CIV.A. 11-2089, 2011 WL 3205298, at *3 (D.N.J. July 27, 2011) (stating that the "HEA does not create a private right of action, and that since Plaintiff cannot assert a claim under that federal statute he has no possibility of invoking federal-question jurisdiction under 28 U.S.C. § 1331"), aff'd *Thomas v. Nova Se. Univ.*, 468 F. App'x 98 (3d Cir. 2012); *Boateng v. Bergen Cnty. Cmty. Coll.*, No. CV152304ESJAD, 2016 WL 7217606, at *2 (D.N.J. Dec. 13, 2016) (stating that "Title IV provides financial assistance for students attending institutions of higher education" but "does not, however, provide a private right of action"). Accordingly, Wescott's claim asserted under the HEA and its regulations must be dismissed with prejudice.

*Wescott v. Eastern Univ.*, WL 1770820 (E. D. Penn. June 26, 2025).[1]

## V. CONCLUSION

Plaintiff's Complaint is subject to dismissal under 28 U.S.C. § 1915(e). The Court concludes dismissal without leave to amend is appropriate because further amendment would be futile.

**IT IS THEREFORE ORDERED:**

1. This action is dismissed for failure to state a claim upon which relief can be granted.

2. The Court will enter judgment by separate order.

Dated this 6th day of January, 2025.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge

---

[1] The Court notes that the Plaintiff in the Pennsylvania case appears to be the same in the Nebraska case where the exact same issues were raised and dismissed. If so, the case before this Court would likely require this Court to invoke the doctrine of res judicata and collateral estoppel, and the case would likewise be barred.